# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**
**and STATE OF FLORIDA** *ex rel.* **DELIA BELL,**

    **Plaintiffs,**

vs.                                                                    Case No. 8:16-cv-961-T-27AEP

**KARL CROSS,** *et al.*,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendants Cross Gardens Care Center, LLC, Cross Pointe Care Inc, LLC, Cross Senior Care Inc, LLC, and Senior Care 120, LLC's Motion to Dismiss Relator Delia Bell's First Amended Complaint or, Alternatively, to Transfer Venue (Dkt. 72); Defendants Joyce Plourde and 190 Golden LLC's Motion to Dismiss the First Amended Complaint (Dkt. 73); and Plaintiff Delia Bell's Amended Motion for Leave to File Second Amended Complaint (Dkt. 79). Upon consideration, the Defendants' motions (Dkts. 72, 73) are **GRANTED** on the grounds that Plaintiff's First Amended Complaint is a shotgun complaint and will be dismissed.

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff

1

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Plaintiff's First Amended Complaint is a shotgun pleading that incorporates all of the preceding paragraphs in each claim for relief, making it "'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-26 (11th Cir. 2014) (quoting *Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Moreover, the First Amended Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has recognized the impropriety of shotgun pleadings for years. *See id.*; *Jackson v. Bank of America, N.A.*, 898 F.3d 1248 (11th Cir. 2018).

Apparently anticipating that one or more of its claims do not include sufficient factual allegations, Plaintiff requests leave to amend. See (Dkt. 79). In this Circuit, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).[1] Notwithstanding, Plaintiff's proposed Second Amended Complaint contains the same hallmarks of a shotgun pleading found in the First Amended Complaint. Plaintiff's Amended Motion for Leave to File a Second Amended Complaint (Dkt. 79), therefore, is **GRANTED** to the extent that Plaintiff may file a Second Amended Complaint that complies with Rules 8(a), 9(b), and 11(b) of the Federal Rules of Civil Procedure.

Accordingly, the First Amended Complaint (Dkt. 20) is **DISMISSED without prejudice**.

---

[1] And the proper remedy for a shotgun complaint is to strike the complaint and order repleader. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)).

Plaintiff/Relator shall file a Second Amended Complaint within **seven (7) days** of this Order. Failure to do so will result in dismissal of this action without further notice.

**DONE AND ORDERED** this 19th day of July, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record; Counsel for the United States, the State of Florida, and Relators