**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA, STATE**
**OF FLORIDA, ex rel. DELIA BELL,**

      **Plaintiffs/Relator,**

**v.**                                                                                   **Case No: 8:16-cv-961-T-27AEP**

**CROSS GARDEN CARE CENTER, LLC**
**and KARL E. CROSS,**

      **Defendants.**
_____/

**ORDER**

**BEFORE THE COURT** are Defendants' Motion to Seal Documents Under L.R. 109

(Dkt. 132), and Relator Bell's Opposition (Dkt. 135). Upon consideration, the motion is

**GRANTED in part** and **DENIED in part**.

Defendants move to file under seal a Rule 11 motion for sanctions and its exhibits, which

"discuss the precise periods of time specific patients were resident at Cross Gardens during the

period of the Relator's employment with Cross Gardens, and whether the costs of their residence

and treatment at Cross Gardens were, at various points, covered by Medicare, Medicaid, or some

other payment system." (Dkt. 132 at 1-2). Defendants assert this information constitutes protected

health information under the Health Insurance Portability and Accountability Act of 1996

(HIPAA). (Id. at 2). They further assert that "due to the individualized nature of the Relator's

claims and the PHI at issue, the means provided in HIPAA for 'de-identifying' PHI (and thus

making it generally disclosable under HIPAA) render Defendants' Rule 11 Motion unclear and

difficult to understand." (Id. at 2).

Bell responds that, rather than sealing the motion and exhibits, Defendants should redact the protected health information in the documents filed on the public docket and submit unredacted versions for *in camera* review. (Dkt. 135 at 1-2). Upon consideration, the Court agrees that Defendants must file a redacted version of the motion on the public docket. The exhibit that contains protected health information may be filed under seal.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits and can be overcome only by a showing of "good cause."[1] *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public's right of access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

---

[1] In the motion for sanctions, Defendants assert that the "claims made in the Relator's second amended complaint lack a reasonable evidentiary basis and are frivolous, are not warranted under existing law or a reasonable extension of existing law, were made for an improper purposes, and are therefore sanctionable." (Dkt. 132 at 1). This requires judicial review of the claims' merits.

*Id.* at 1246.

The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal. The movant must include (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09(a).

Defendants seek to file under seal the motion for sanctions and an exhibit containing patient information in support of the motion. They represent that the documents contain protected health information, including patient initials, medical record numbers, and the dates of patient stays. (Dkt. 132 at 3); *see also* 45 C.F.R. § 164.514. Defendants further observe that, for the Court to evaluate the motion, it is necessary to cross-reference the patients described in Bell's Second Amended Complaint with patient records. (Dkt. 132 at 6-7). Indeed, Bell's allegations relate to Defendants' treatment of specific patients, and Defendants assert there is no reasonable factual basis to support the allegations. *See* (Dkt. 127-2). Moreover, the dates of patient stays are relevant to Bell's claims that Defendants intentionally maximized the length of the stays.

However, Defendants have failed to establish good cause to warrant filing the motion for sanctions under seal, given the public's interest in judicial records. *See United States v. Lee Mem'l Health Sys.*, No. 2:14-CV-437-FTM-38CM, 2018 WL 4492271, at *7-8 (M.D. Fla. Sept. 19, 2018) (denying motion to seal information that was the "cornerstone" of the case against defendant and noting that "the public has a legitimate 'health and safety' interest in the details of alleged Medicare

and Medicaid fraud"). And they do not adequately address the availability of alternatives to filing the motion under seal, including filing a redacted version that removes protected health information. Defendants' concerns that this will render the motion "unclear and difficult to understand" are speculative, and in any event, inadequate to establish good cause. And the exhibit that contains patient information nonetheless allows the Court to review the records relevant to Defendants' motion for sanctions. In sum, filing a redacted motion maintains the confidentiality of the protected health information while serving the public's interest in access to judicial records.

In contrast to a redacted motion for sanctions, allowing public access to the exhibit that contains patient information would harm legitimate privacy interests. And due to the purported nature of the exhibit, there is no less onerous alternative to sealing the document. The exhibit may be filed under seal.

Defendants also seek to file under seal the cover letter demonstrating service of the motion in accord with Rule 11, asserting that "it would be out of place and cumbersome for one exhibit to a motion to be filed in the public record while the motion itself and the other exhibit have been filed under seal." (Dkt. 132 at 4). This is inconsistent with the local rules, which require Defendants to explain the reason that sealing each item is "necessary." The asserted basis is inadequate to warrant filing the cover letter under seal.

Accordingly, given the respective interests of the parties and the nature and character of the information in question, Defendants have established good cause to seal the exhibit containing protected health information, and the motion is due to be **GRANTED** in part. The request to file the motion for sanctions and cover letter exhibit under seal is **DENIED.** Defendants may file a redacted version of the motion for sanctions.

**DONE AND ORDERED** this 21st day of May, 2020.


*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record