UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF AMERICA,
THE STATE OF FLORIDA, ex rel.
DELIA BELL,

    Plaintiffs/Relator,

v.                                               Case No: 8:16-cv-961-T-27AEP

CROSS GARDEN CARE CENTER, LLC
and KARL E. CROSS,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion for Sanctions Under Fed. R. Civ. Pro. 11 (Dkt. 138), Relator Bell's Response in Opposition (Dkt. 142), and Defendants' Reply (Dkt. 146). Upon consideration, the motion is **DENIED without prejudice**.

### BACKGROUND

This action involves reimbursement claims submitted by a skilled nursing facility to the Center for Medicare and Medicaid Services (CMS). The only remaining count alleges a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), for knowingly presenting a false claim for payment by billing unnecessary therapy services, falsely inflating RUG levels, unnecessarily retaining patients for 100 days, and improperly resetting the 100-day benefit period for readmitted patients. (Dkt. 127-2 ¶¶ 87-90). Defendants move for sanctions against Bell and her counsel under Rule 11 of the Federal Rules of Civil Procedure, contending that Bell's claims lack a reasonable evidentiary basis and are frivolous and unwarranted under existing law, and that the Second Amended Complaint was filed for an improper purpose. (Dkt. 138 at 1). As Bell correctly contends, the motion is premature. (Dkt. 142).

**STANDARD**

Under Rule 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

The two-step inquiry under Rule 11 asks "whether the party's claims are objectively frivolous" and "whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Sanctions may be appropriate where "the plain language of an applicable statute and the case law preclude relief." *Id.* However, "Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

## DISCUSSION

In support of their contention that Bell's claims lack a reasonable evidentiary basis, are unwarranted under existing law, and were advanced for an improper purpose, Defendants provide internal patient records which they assert contradict Bell's allegations as to specific patients. (Dkt. 138 at 13-20; Dkt. S-138 Ex. B). Defendants further contend that Bell and counsel should have been aware of the purported deficiencies in the Second Amended Complaint, which alleges that Bell had reviewed Defendants' records, and that the Second Amended Complaint was filed to "drag the Defendants into a costly and time-consuming discovery process and attempt to gather *post-hoc* support [for] her claims." (Dkt. 138 at 21-23).

Bell responds that Defendants' motion relies on "purported billing records that have not . . . been produced or reviewed in discovery, which has not occurred yet in this matter." (Dkt. 142 at 1). She further observes that the Defendants' certification of the records does not reflect whether the records are complete, the only records for the dates at issue, the records that were submitted to CMS for reimbursement, or the records that Bell reviewed prior to filing her complaint. (Id. at 1-2; Dkt. S-138 Ex. B p. 1). The Court agrees that the motion for sanctions is premature.

Indeed, as the Eleventh Circuit has noted, "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation." *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1983 Amendments)); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (noting that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper."). Accordingly,

courts routinely defer the determination of whether sanctions based on the pleadings are appropriate until the end of the litigation. *See, e.g.*, *Boigris v. EWC P&T, LLC*, No. 19-21148-CIV, 2020 WL 1692009, at *2-3 (S.D. Fla. Feb. 10, 2020).

Here, Defendants contend that sanctions are appropriate based on the allegations in Bell's pleadings, and that the filing of the case itself was improper. Further, Bell raises several issues relating to the nature of the provided patient records. In sum, application of the two-step inquiry required by Rule 11 is not feasible at this stage of the litigation, as it is not possible to determine on this record if the allegations of the Second Amended Complaint are objectively frivolous or lack a reasonable basis in view of the law and the facts, and whether Bell and her counsel should have been aware of the purported deficiencies after making a reasonable inquiry. Defendants' request for the imposition of sanctions is more appropriately considered at the end of the litigation.[1]

## CONCLUSION

Accordingly, Defendants' motion for sanctions is **DENIED without prejudice**. (Dkt. 138).

**DONE AND ORDERED** this 14th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[1] Notwithstanding, as Defendants correctly observe, Bell's response to the motion lacks specificity and fails to adequately address the contents of the provided patient records. (Dkt. 146 at 3-4). Counsel is reminded of their "continuing obligation to make inquiries" to ensure compliance with Rule 11. *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) (citation omitted). Further, the rule "allows sanctions when an attorney continues insisting upon a position after it is no longer tenable." *Id.* (internal quotation marks and citation omitted). And "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (citation omitted).