UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE UNITED STATES OF AMERICA,**
**THE STATE OF FLORIDA, ex rel.**
**DELIA BELL,**

    **Plaintiffs/Relator,**

v.                                                                              Case No: 8:16-cv-961-T-27AEP

**CROSS GARDEN CARE CENTER, LLC**
**and KARL E. CROSS,**

    **Defendants.**
_____/

**ORDER**

**BEFORE THE COURT** is the Parties' Joint Motion for Confidentiality Order (Dkt. 160) and the proposed protective order (Dkt. 160-1). Upon consideration, the motion is **DENIED** *without prejudice*.

Protective orders are issued to encourage efficient discovery. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987) (per curiam). The parties' concern that this action is likely to involve confidential information, including protected health information of non-party patients, is a justification for a narrowly drafted protective order. A protective order should be drafted with precision, however. *See id.* at 356. With respect to the procedures proposed for challenging confidentiality designations, the parties are cautioned that judicial review of

1

challenged designations should be limited to "those materials relevant to the legal issues raised." *Id.*[1]

A more narrowly tailored protective order can achieve the desired protection without unnecessarily involving the Court in disagreements about confidentiality designations of materials not relevant to the legal issues raised. *See* (Dkt. 160-1 ¶ 6). Nor should the order impose requirements on non-parties over whom the Court has no jurisdiction. *See, e.g.*, (Id. ¶¶ 1, 6, 14, at p. 10). And whether a pleading or exhibit should be sealed is the prerogative of the Court, not the parties. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (noting that the parties' agreement to keep documents confidential or seal materials is "immaterial" to a court's decision regarding the public's right of access); *see also* M.D. Fla. Local Rule 1.09. The order should not purport to establish requirements inconsistent with the Local Rules. (Dkt. 160-1 ¶ 7). Finally, the proposed order should not extend the Court's jurisdiction past the conclusion of this case. (Id. ¶ 13).

---

[1] As explained in *Alexander Grant*:

> The order issued in this case, as in others, is designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be "filed" for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised.

820 F.2d at 356.

Accordingly, the Joint Motion for Confidentiality Order (Dkt. 160) is **DENIED** *without prejudice*.

**DONE AND ORDERED** this 30th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

3