UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE UNITED STATES OF AMERICA,**
**THE STATE OF FLORIDA, ex rel.**
**DELIA BELL,**

    **Plaintiffs/Relator,**

v.                                                       Case No: 8:16-cv-961-T-27AEP

**CROSS GARDEN CARE CENTER, LLC**
**and KARL E. CROSS,**

    **Defendants.**
_____/

**<u>ORDER</u>**

    **BEFORE THE COURT** is the Parties' Renewed Joint Motion for Confidentiality Order (Dkt. 162). Upon consideration, the motion is **DENIED** *without prejudice*.

    Following the denial of their motion for entry of a protective order, the parties filed a renewed motion with an edited proposed order. (Dkts. 160, 161, 162). Their renewed motion is due to be denied for several reasons.[1] First, the protective order should not purport to make the Court or its staff the subject of the proposed order. (Dkt. 162-1 ¶ 3(d)). Second, although the latest proposed order purports to limit judicial review of designation disputes to "document[s] or item[s] of information [that are] relevant to the legal issues raised in this case," (Dkt. 162-1 ¶ 6), as

---

[1] Further, the motion includes two proposed orders, and the proposed orders have several typographical errors, including an inaccurate signature block. *See, e.g.*, (Dkt. 162-1 ¶¶ 9, 10, 11, at p. 8); *see also* (Dkt. 162-2).

1

explained in *In re Alexander Grant & Co. Litig.*, 820 F.2d 352 (11th Cir. 1987), a protective order should

> encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be "filed" for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised.

820 F.2d at 356.

Last, the proposed order notes "special treatment" for documents with protected health information. (Dkt. 162-1 ¶ 16). Although subsections (c) and (d) relate to "qualified protective orders" under the Health Insurance Portability and Accountability Act, *see* 45 C.F.R. § 164.512(e)(1)(v), the parties fail to explain the necessity or authority for the provision that "[p]ursuant to the provisions of HIPAA, this Order extends to all HIPAA protected content and will operate in place of authorizations by those individuals whose files are the basis of the action at bar, to the extent such files are HIPAA-protected." (Dkt. 162-1 ¶ 16(b)).

Accordingly, the Renewed Joint Motion for Confidentiality Order (Dkt. 162) is **DENIED** *without prejudice*.

**DONE AND ORDERED** this 5th day of October, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record