UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF AMERICA,
THE STATE OF FLORIDA, ex rel.
DELIA BELL,

    Plaintiffs/Relator,

v.                                          Case No: 8:16-cv-961-T-27AEP

CROSS GARDEN CARE CENTER, LLC,
and KARL E. CROSS,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Relator Bell's Motion to Stay Defendants' Motion for Summary Judgment (Dkt. 182), and Defendants' Opposition (Dkt. 184). Upon consideration, the motion is **DENIED**.

## BACKGROUND

This action alleges that a skilled nursing facility submitted claims in violation of the False Claims Act. Following several extensions of time, the United States declined to intervene, asserting that its "investigation has not been completed, and, as such, the United States is not able to decide, as of the Court's deadline, whether to proceed with the action." (Dkt. 32 at 1); *see also* (Dkts. 6, 12, 16, 19, 24, 28). While the case was under seal, the United States brought an action to enforce a civil investigative demand seeking documents from Cross Senior Care Inc., LLC, a former defendant in this case. *United States v. Cross Senior Care Inc., LLC*, No. 8:19-mc-0008-VMC-TGW. The Eleventh Circuit affirmed the district court's order requiring the production of documents and remanded the case "so the district court may set forth a timeframe for Cross to

1

produce the remaining non-privileged documents responsive" to a specific request.[1] *Id.*, ECF: 41 at 4 (M.D. Fla. Dec. 23, 2020). The mandate has not been issued.

In this case, discovery is completed, and the parties have moved for summary judgment. (Dkts. 171, 177). Bell moves under Rule 56(d), Fed. R. Civ. P., to stay a "ruling on Defendants' [motion for summary judgment] pending the resolution of related litigation between the Government and Defendants and the Government's final intervention decision." (Dkt. 182 at 2). She contends that a stay is appropriate because the documents subject to the civil investigative demand will "bolster [her] summary judgment motion or at least establish material issues of fact that could defeat the motion against her," the United States will "make an intervention decision only after its investigation," and summary judgment in Defendants' favor would "bar [her] from any participation in an eventual reward should the Government later intervene." (Id. at 1-2, 5). Notwithstanding her contentions, the request to stay a ruling on Defendants' motion is denied.

## DISCUSSION

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." As the Eleventh Circuit has explained,

> Rule 56 of the Federal Rules of Civil Procedure contemplates that a court may grant summary judgment without the parties having conducted discovery. If a summary judgment motion is filed before discovery, the party opposing summary judgment may move the court under Rule 56(d) to permit the discovery necessary to oppose the motion. A Rule 56(d) movant must specifically demonstrate how postponing the court's ruling would have enabled him, by discovery or other means, to rebut [the opposing party's] showing of the absence of a genuine issue of fact.

---

[1] The Eleventh Circuit granted a motion to stay "the production of the responsive documents while this appeal was pending." *Id.* at 4 n.3.

2

*Edgewater House Condo. Ass'n v. City of Fort Lauderdale, Fla.*, 825 F. App'x 658, 664 (11th Cir. 2020) (internal citations, quotation marks, and brackets omitted); *see also Estate of Todashev by Shibly v. United States*, 815 F. App'x 446, 450 (11th Cir. 2020) (noting that "Rule 56(d) provides shelter against a premature motion for summary judgment").

In short, Defendants' motion for summary judgment, filed after the parties completed discovery, is not premature. (Dkts. 113, 177). Moreover, the record reflects that Bell did not diligently seek the documents subject to the civil investigative demand. *See Smith v. Acting Sec'y, United States Dep't of Homeland Sec.*, 819 F. App'x 774, 776 (11th Cir. 2020) (finding that party's "failure to diligently pursue discovery by filing a motion to compel, in addition to his failure to seek a continuance or allege facts supporting a continuance, were sufficient reasons for the district court to refuse to allow [him] additional discovery time"). An earlier stay on discovery was lifted on January 6, 2020, and Bell did not serve her first request for production of documents until August 4, 2020. (Dkt. 131); (Dkt. 182-1 at 10). In response to Defendants' motion for a protective order on August 13, 2020, the parties stipulated that Defendants would produce authenticated copies of documents attached to their motion for sanctions. (Dkts. 138, 150, 157, 158, 159). Bell did not serve a second request for production of documents, file a motion to compel discovery, or seek to extend the November 5, 2020, discovery deadline.[2] (Dkt. 184 at 4). Notwithstanding, she filed a motion for summary judgment "both on liability and damages." (Dkt. 171 at 1).

---

[2] In her first request for production of documents, Bell requested "[a]ll of the documents requested in the attached Civil Investigative Demand." (Dkt. 182-1 at 8). Although the Eleventh Circuit has found that courts should defer ruling on summary judgment "when the party opposing the motion has been unable to obtain responses to his discovery requests," *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988), here, there is no unresolved discovery request or motion to compel. As noted, she stipulated to the resolution of Defendants' motion for a protective order, and no second request for production of documents or motion to compel was filed.

3

Additionally, Bell has not "specifically demonstrate[d] how postponing the court's ruling [will] enable[ her], by discovery or other means, to rebut [Defendants'] showing of the absence of a genuine issue of fact." *Edgewater House Condo. Ass'n*, 825 F. App'x at 664. She contends that a ruling should be postponed pending resolution of the civil investigative demand in a separate case. However, her assertion that any documents produced will rebut Defendants' motion is speculative at best. First, the civil investigative demand seeks documents from Cross Senior Care, Inc., LLC, which was dismissed as a defendant. (Dkt. 98). Second, although the Eleventh Circuit affirmed the district court's order requiring Cross Senior Care Inc., LLC, to produce the requested documents, the matter was remanded for the district court to "set forth a timeframe for Cross to produce the remaining" responsive documents. *United States v. Cross Senior Care Inc., LLC*, No. 8:19-mc-0008-VMC-TGW, ECF: 41 at 4 (M.D. Fla. Dec. 23, 2020). Further, the dispositive motion deadline has passed, and a pre-trial conference is scheduled on March 4, 2021. (Dkt. 113). And although Bell speculates that the United States may intervene following its investigation, if permitted, intervention would require a showing of "good cause." 31 U.S.C. § 3730(c)(3).[3]

Last, Bell does not adequately explain how the information subject to the demand relates to her claims, or how it would "enable [her] to corroborate her testimony with the underlying medical records (vs. the mere bills); allow for a complete calculation of damages; and solidify the connection between Mr. Cross and the entities he owns or owned."[4] (Dkt. 182 at 5). As the

---

[3] Bell asserts without support that she "risks being forever barred from any relief if the Government ultimately refiles or intervenes to prosecute the case as the real party interest." (Dkt. 182 at 6); *see* 31 U.S.C. § 3730(c)(5); *United States v. Couch*, 906 F.3d 1223 (11th Cir. 2018). Even if true, she provides no authority demonstrating that this consideration is relevant under Rule 56(d).

[4] Nor does she explain how the information differs from the material sought in her first request for production of documents. Among other things, Bell requested any information that would support her allegations, communications, patient charts, and medical and billing records. (Dkt. 182-1 at 7-8, 26-30). As noted, she stipulated

Eleventh Circuit has explained, a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019). In summary, Bell has not satisfied Rule 56(d).[5]

## CONCLUSION

Accordingly, Relator Bell's Motion to Stay Defendants' Motion for Summary Judgment is **DENIED**. (Dkt. 182).

**DONE AND ORDERED** this 28th day of January, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

to the resolution of Defendants' motion for a protective order, and no second request for production of documents or motion to compel was filed.

[5] Defendants also observe that Bell did not support her motion by an affidavit or declaration, as required by Rule 56(d). (Dkt. 184 at 1-3). She purports to "rel[y] on her affidavit in support of her motion for summary judgment" and "on the Court filings referenced herein." (Dkt. 182 at 4 n.1). In any event, the Eleventh Circuit has held that an affidavit or declaration is not required "to receive protection under this rule because, at times, justice requires postponing a ruling even where the technical requirements . . . have not been met." *Frazier v. Doosan Infracore Int'l, Inc.*, 479 F. App'x 925, 931 (11th Cir. 2012) (internal quotation marks and citation omitted).

Bell alternatively moves to stay a determination "in accordance with . . . this Court's inherent authority." (Dkt. 182 at 1). However, her cited authority relates to motions to stay discovery, not summary judgment. (Id. at 4). In any event, she fails to show "prejudice or [an] undue burden," and the request is due to be denied for the reasons noted. *See United States ex rel. D'Anna v. Lee Mem'l Health Sys.*, No. 2:14-cv-437-FtM-38CM, 2019 U.S. Dist. LEXIS 2099, at *3-4 (M.D. Fla. Jan. 7, 2019).