UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF AMERICA,
THE STATE OF FLORIDA, *ex rel.*
DELIA BELL,

          Plaintiffs,

v.                                  Case No. 8:16-cv-961-JDW-AEP

KARL E. CROSS, et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Delia Bell ("Relator") brought this *qui tam* action, as Relator, against Defendants Karl Cross and Cross Gardens Care Center, LLC (collectively the "Defendants") for violations of the False Claims Act ("FCA"), 31 U.S.C. §3729 *et seq.* (Docs. 1, 20, 81). Currently before the Court are Defendants' Motion for Entitlement to Attorney's Fees (Doc. 192); Relator's response in opposition (Doc. 212); the United States of America's response in opposition (Doc. 216); and Defendants' reply (Doc. 217). Upon consideration, the undersigned recommends that Defendants' Motion be denied.

### I.    Background

      In April 2016, Relator, who is a registered nurse and worked for Defendants, a skilled nursing facility and an authorized signatory of the facility, brought this

action alleging that Defendants submitted claims to the Centers for Medicare and Medicaid Services in violation of the FCA (Doc. 189, at 1-2). The Complaint raised three claims: (1) violations of the FCA for knowingly presenting a false claim for payment; (2) violations of the FCA for making a false record or statement to a false claim; and (3) violations of the Florida False Claims Act for appropriating patient allowances and using those funds to purchase furniture and equipment for their facilities (Doc. 1).

The United States moved to extend the seal in Relator's *qui tam* case multiple times (Docs. 4, 9, 13, 17, 21, 25). During this time, Relator also filed an Amended Complaint raising the same claims (Doc. 20). The Court extended the seal in Relator's case until February 15, 2019 (Doc. 28). At that time, the United States filed a notice that it was not intervening in the action as it had not completed its investigation and, as such, was unable to decide whether to proceed with the action (Doc. 32, at 1). However, the United States noted that it would continue its investigation (Doc. 32, at 1). The United States also noted that Relator could maintain the action in the United States' name and reserved its right to intervene in the action (Doc. 32, at 2). As part of the sealed investigation, the United States issued Civil Investigative Demands ("CIDs") to Defendants, requesting documents and communications relevant to the fraud alleged in Relator's Complaint (Doc. 216, at 2). As a result of a dispute related to the production of documents, the United

States filed a petition to enforce the CID against Cross Senior Care, Inc.[1] This led to a prolonged dispute, rising to the Eleventh Circuit Court of Appeals which issued a *per curiam* affirmance agreeing with the District Court's decision that the United States was entitled to the requested discovery.

Defendants moved to dismiss Relator's First Amended Complaint (Doc. 72). The Court granted Defendants' motion and dismissed Relator's First Amended Complaint without prejudice as a shotgun pleading and granted Relator leave to file a second amended complaint (Doc. 80). Subsequently, Relator filed the Second Amended Complaint, which raised the same claims but dropped most of the defendants who were originally part of the action (Doc. 81). Defendants then moved to dismiss Relator's Second Amended Complaint (Doc. 91, 102). The Court denied Defendants' motion to dismiss as it related to Count I, the False Claims Act claim, finding that Relator's allegations properly stated an FCA claim (Doc. 123, at 7-12). Notwithstanding, the Court's dismissal of Count II and Count III was without prejudice.

A few months later, Defendants filed their Motion for Sanctions under Federal Rule of Civil Procedure 11 (Doc. 138). The Court denied Defendants' motion for sanctions without prejudice, finding that it was "more appropriately considered at the end of the litigation" (Doc. 149, at 4). Eventually, the parties moved for summary judgment and the Court granted Defendants' motion for

---

[1] Initially, Relator named Cross Senior Care, Inc. as a Defendant but did not include them in her Second Amended Complaint. *See also U.S. v. Cross Senior Care Inc., LLC*, ("CID Litigation") No. 8:19-mc-0008-VMC-SPF (Doc. 1) (M.D. Fla. January 24, 2019).

summary judgment (Doc. 189) and judgment was entered in Defendants' favor (Doc. 191).

Defendants now seek attorneys' fees pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 31 U.S.C. § 3730(d)(4) (Doc. 192). Defendants estimate that they have incurred attorneys' fees in the amount of approximately $375,000 and approximately $8,000 in costs (Doc. 192, at 2). Defendants argue that they are entitled to attorneys' fees as sanctions in this case for Relator's frivolous complaint.

Relator filed a response to Defendants' Motion opposing an award of attorney's fees on all grounds raised by Defendants (Doc. 212). The Relator contends that Defendants are not entitled to attorney's fees because she brought the complaint in good faith and there was an absence of vexatious conduct or conduct intended to multiply the proceedings (Doc. 212). The United States also filed a response opposing Defendants' Motion and arguing that Relator's case was not frivolous because the United States was still investigating the matter and had not moved to dismiss Relator's case (Doc. 216).

## II.   Discussion

### A.   Federal Rule of Civil Procedure 11(b)(3)

Defendants argue that they are entitled to an award of attorneys' fees under Federal Rule of Civil Procedure 11. Rule 11 provides:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (citation omitted). If an attorney[2] violates Rule 11(b), "the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1).

In determining whether sanctions are warranted under Rule 11, the court must undertake a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the

---

[2] Rule 11 sanctions may be imposed against a party, the party's counsel, or both. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1508 n.14 (11th Cir. 1993). Here, Defendants seek sanctions against Relator and her counsel (Doc. 138, at 1; Doc. 192, at 13).

pleading, motion, or other paper was submitted." *Peer,* 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

Defendants argue that Relator's claims lacked a reasonable evidentiary basis, were unwarranted under existing law, and were advanced for an improper purpose (Doc. 138, at 13-20). Defendants contend that Relator's counsel should have been aware of the purported deficiencies in the Second Amended Complaint, which alleges that Bell had reviewed Defendants' records, and that the Second Amended Complaint was filed to "drag the Defendants into a costly and time-consuming discovery process and attempt to gather *post-hoc* support [for] her claims." (Doc. 138, at 21-23).

At the time of the filing, Relator opposed the motion for Rule 11 sanctions and argued that Defendants' motion relied on "purported billing records that have not . . . been produced or reviewed in discovery, which has not occurred yet in this matter." (Doc. 142, at 1). In denying Defendants' Rule 11 sanctions motion without prejudice as premature, the Court noted that Relator's response to the motion lacked specificity and failed to adequately address the contents of the patient records relied upon by Defendants (Doc. 149, at 4 n.1). The Court advised counsel of their "'continuing obligation to make inquiries' to ensure compliance with Rule 11." (Doc. 149, at 4 n.1) (quoting *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997). The Court further noted that Rule 11 "allows sanctions when an attorney continues insisting upon a position after it is no longer tenable," and "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant

and his attorney have a duty to discontinue their quest." (Doc. 149, at 4 n.1) (citations omitted).

Notwithstanding, the Court granted Relator leave to amend the complaint on multiple occasions. Initially, when Defendants moved to dismiss Relator's First Amended Complaint (Doc. 72), the Court granted the motion and dismissed Relator's First Amended Complaint without prejudice as a shotgun pleading and granted Relator leave to file a second amended complaint (Doc. 80). Subsequently, when Defendants moved to dismiss Relator's Second Amended Complaint (Docs. 91, 102), the Court denied Defendants' motion to dismiss as it related to Count I, the False Claims Act claim, finding that Relator's allegations stated an FCA claim (Doc. 123, at 7-12). Notwithstanding, the Court's dismissal of Count II and Count III was without prejudice.

The FCA claims were not objectively unreasonable when Relator refiled them, especially in light of the Court's Orders dismissing some of the claims but permitting Relator to refile. *See Anderson v. Smithfield Foods. Inc.*, 353 F.3d 912, 916 (11th Cir. 2003) (reversing district court's Rule 11 sanctions award because the order dismissing the complaint "did not give such a clear warning not to refile."). Thus, a reasonable lawyer could interpret the Court's orders of dismissal as inviting better-pleaded claims.

Moreover, the United States' actions evidence the potential merits of the claim. *See, e.g., U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 528 F. Supp. 2d 533, 545 (E.D. Pa. 2007) (denying motion for attorney's fees under the FCA and

noting, "[t]he government considered the motion to intervene for over two years, delaying the decision on numerous occasions. . .[which] suggest[s] that the case was not wholly frivolous or vexatious"); *United States ex rel. Kiro v. Jiaherb, Inc.*, No. CV 14-2484-RSWL-PLA, 2019 WL 6971057, at *2 (C.D. Cal. Nov. 1, 2019) (finding that although the relator did not succeed in the case, "he had reason to pursue it . . . because he witnessed the relabeling of imported goods. And, while the Government's failure to seek dismissal or advise Relator of any fatal deficiencies does not preclude a fee award, it weighs against such an award"). In the instant case, the United States pursued its investigation under seal for nearly three years, pursued the CID enforcement action to compel production of responsive and relevant documents, and is still investigating this matter (Doc. 216, at 2-3). Furthermore, the United States did not move to dismiss Relator's case. The United States' position suggests that the case was not wholly frivolous. Therefore, although Relator did not ultimately succeed, Relator's claims presented sufficient allegations to not be considered objectively frivolous.

**B.      28 U.S.C. § 1927**

Defendant asserts that it is entitled to attorney's fees under 28 U.S.C. § 1927, which provides the following:

> Any attorney or other person admitted to conduct cases in any court
> of the United States or any Territory thereof who so multiplies the
> proceedings in any case unreasonably and vexatiously may be required
> by the court to satisfy personally the excess costs, expenses, and
> attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The "purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." *Dzwonkowski v. Dzwonkowski*, No. CIV.A. 05-0544-KD-C, 2008 WL 2163916, at *21-22 (S.D. Ala. May 16, 2008), *aff'd in part*, *dismissed in part*, 298 F. App'x 885 (11th Cir. 2008). "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007). Rather, an award of attorney's fees to sanction the conduct of counsel is warranted under section 1927 if the following three elements are satisfied: "(1) an attorney must engage in unreasonable and vexatious conduct; (2) [this conduct] must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on rehearing*, 311 F.3d 1077 (2002) (internal citation and quotation marks omitted). Under section 1927, vexatious and unreasonable conduct is conduct that is "'so egregious that it is tantamount to bad faith.'" *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) (quoting *Amlong & Amlong, P.A.*, 500 F.3d at 1239). "The standard [of bad faith] is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent." *Alford v. Consol. Gov't of Columbus, Ga.*, 438 Fed. App'x 837, 841 (11th Cir. 2011).

Negligence is not enough—"an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable

attorney." *Amlong & Amlong, P.A.*, 500 F.3d at 1241-42. "Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* (citing *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)). Specifically, an attorney's conduct "must have a manifold effect on court processes, such as causing the multiplication of proceedings by abusive discovery tactics, reassertion of meritless claims and any other conduct resulting in the lengthening of trial proceedings." *Jenkins v. Jury*, No. 5:07-CV-133-OC-GRJ, 2009 WL 248232, at *2 (M.D. Fla. Feb. 2, 2009).

Further, once it becomes apparent that a claim is frivolous, an attorney must stop pursuing the claim; otherwise, they risk sanctions under section 1927. *See, e.g.*, *Dzwonkowski,* 2008 WL 2163916, at *21-22 (holding that failing to dismiss a claim once it becomes "quite clear" that it is frivolous is "tantamount to bad faith" and warrants sanctions under section 1927); *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (holding that section 1927 sanctions are appropriate where an attorney does not cease the pursuit of a claim "[w]hen it becomes apparent that discoverable evidence will not bear out the claim"). Because section 1927 is penal in nature it must be strictly construed. *Abreu v. Alutiiq-Mele, LLC*, No. 11-20888-CIV, 2012 WL 4369734, at *16 (S.D. Fla. Aug. 3, 2012) (citing *Norelus*, 628 F.3d at 1280-81).

Here, Defendants claim that Relator's counsel objectionable conduct led to the multiplication of proceedings—specifically, that Relator's conduct required "Defendants to spend hard-earned money on attorneys' fees and costs while

defending themselves against clearly frivolous claims" (Doc. 12). The undersigned does not find support in the record showing that Relator's counsel's conduct rises to the level of bad faith imposed by the statute.

Although Relator's counsel's most questionable actions occurred when, as the Court noted in the Order granting Summary Judgment, Relator argued that Defendants failed to produce documents during discovery, yet the record reflected that she did not diligently seek discovery (Doc. 189, at 11 n. 13). Rather, "an earlier stay on discovery was lifted on January 6, 2020, and [Relator] did not serve her first request for production of documents until August 4, 2020" (Doc. 189, at 11 n. 13). Subsequently, "[i]n response to Defendants' motion for a protective order on August 13, 2020, the parties stipulated that Defendants would produce authenticated copies of documents attached to their motion for sanctions" (Doc. 189, at 11 n. 13). Even then, Relator did not serve a second request for production of documents, file a motion to compel discovery, or seek to extend the November 5, 2020, discovery deadline (Doc. 189, at 11 n. 13).

Notwithstanding, the record does not support Defendants' contention that Relator's counsel's conduct led to the multiplication of proceedings. If anything, the delay in the proceedings was primarily caused by numerous extensions to the United States from the filing of the case in April 2016 through December 2018 to investigate and determine whether to intervene (*see* Doc. 40, at 1). Moreover, while Relator's counsel's failure to seek further discovery may reveal something about counsel's strategy and may be reasonably questioned, section 1927 requires more

for sanctions. Thus, the undersigned recommends that Defendants not be awarded attorney fees under 28 U.S.C. § 1927.

### C. 31 U.S.C. § 3730(d)(4)

Defendants seek fees against Relator under 31 U.S.C. § 3730(d)(4) (Doc. 192). Section 3730(d)(4) applies in *qui tam* actions, and provides as follows:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). "Thus, to award attorney's fees and expenses, the Court must find that the Relator's suit falls within one of the following categories: (1) clearly frivolous; (2) clearly vexatious; or (3) brought primarily for purposes of harassment. Any one of these three conditions is sufficient for an award of attorney's fees." *United States v. Eisai, Inc.*, No. 09-22302-CV, 2015 WL 11181727, at *9 (S.D. Fla. Mar. 30, 2015), *report and recommendation adopted*, 2015 WL 11181728 (S.D. Fla. July 22, 2015). "While a court may award fees if the Relator's suit falls within any of § 3730(d)(4)'s three enumerated categories, an award of fees should be reserved for rare and special circumstances." *Id.* at *4 (citing *Pflingston v. Ronan Eng'g Co.,* 284 F.3d 999, 1006 (9th Cir. 2002)). "A district court should review 'the entire course of the litigation' in making this determination." *Id.* (citing *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004)).

The standard for imposition of attorney's fees and costs under 31 U.S.C. § 3730(d)(4) is somewhat different from the Rule 11 standard. Specifically, section 3730(d)(4) provides that reasonable attorney's fees and expenses can be awarded to a defendant if the action was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." Just as the undersigned addressed in the context of Rule 11 *supra,* the undersigned does not find that the filing of this action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

### i.   Clearly Frivolous

"A cause of action is frivolous under the statute if the case is so lacking in arguable merit as to be groundless or without foundation." *United States ex rel. Chabot v. MLU Servs., Inc.*, No. 6:06-cv-1528-Orl-35KRS, 2011 WL 13202909, at *1 (M.D. Fla. Jan. 27, 2011) (quotation marks and citation omitted). However, the fact that a Relator ultimately did not prevail is not alone evidence that the action was groundless. *Id.* at *2. *See also U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-40-T-33MAP, 2009 WL 1148632, at *4 (M.D. Fla. Apr. 28, 2009) ("[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n,* 434 U.S. 412, 421-22 (1978))).

In *U.S. ex rel. Cullins v. Astra, Inc.*, the court denied the defendant's motion for attorney's fees under section 3730(d)(4) upon finding that the plaintiff's claims were not clearly frivolous where the court granted the plaintiff leave to file her second amended complaint after her amended complaint was dismissed without prejudice. No. 09-60696-CIV, 2010 WL 3008833, at *3 (S.D. Fla. Jul. 28, 2010). The court relied on *United States ex rel. Gross v. AIDS Research Alliance-Chicago*, No. 01-C-8182, 2004 WL 905952, at *9 (N.D. Ill. Apr. 27, 2004), where the court granted the defendants' motion to dismiss the plaintiff's second amended complaint with prejudice for failing to state a claim upon which relief could be granted yet, did not grant attorney's fees under section 3730 because it did not find that the plaintiff's suit was vexatious or frivolous. *Id.* Specifically, the court reasoned that granting the plaintiff leave to file the second amended complaint was evidence that the plaintiff's claims were not frivolous. *Id.*

Similarly, here, the Court granted Relator leave to amend the complaint. Initially, Defendants moved to dismiss Relator's First Amended Complaint (Doc. 72). The Court granted Defendants' motion and dismissed Relator's First Amended Complaint without prejudice as a shotgun pleading and granted Relator leave to file a second amended complaint (Doc. 80). Subsequently, Relator filed the Second Amended Complaint (Doc. 81). Defendants moved to dismiss Relator's Second Amended Complaint (Doc. 91, 102). The Court denied Defendants' motion to dismiss as it related to Count I, the False Claims Act claim, finding that Relator's allegations stated an FCA claim (Doc. 123, at 7-12).

Moreover, the United States' actions evidence the potential merit of the claim. Although the United States chose not to intervene in the litigation, its position is that its investigation continues (Doc. 216, at 2-3). The United States' position suggests that the case was not wholly frivolous. Therefore, although Relator did not ultimately succeed, Relator's claims presented sufficient allegations to not be considered groundless.

### ii. Vexatious/Harassing

"Vexatious and harassing claims are those instituted maliciously or without good cause." *Breathe Easy Pulmonary Services, Inc.*, 2009 WL 1148632, at *5. "[T]he term 'vexatious' means that the losing party's actions were 'frivolous, unreasonable, or without foundation, even though not brought in bad faith.'" *Id.* at *2 (citing *Washington Hosp. Ctr. v. Serv. Emps. Int'l Union*, 746 F.2d 1503, 1510 (D.C. Cir. 1984) (citing *Christianburg Garment Co.*, 434 U.S. at 421). "Examples of vexatiousness or an intent to harass on [the relator's] part include, but are not limited to, actions that deliberately delay the proceedings, attempts to relitigate a previously decided claim against the same defendant, the raising of new allegations in an effort to circumvent the defendant's arguments in a motion to dismiss, and where the government's undisputed prior knowledge of information alleged to constitute fraud defeated any inference of a false claim." *Id.* at *5. "The distinction between vexatious conduct and harassment stems from the intentions of the plaintiff. Although the word "harassment" suggests bad faith on the part of the plaintiff, 'the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite

to a fee award against him.'" *Cullins*, 2010 WL 3008833, at *4 (quoting *United States ex rel. J. Cooper & Assoc., Inc. v. Bernard Hodes Grp., Inc.,* 422 F. Supp. 2d 225, 238 n. 19 (D.D.C. 2006)).

Here, based upon this record, there is insufficient evidence to establish that Relator brought this action primarily to harass Defendants or that Relator pursued the litigation with an improper purpose. Indeed, the Court allowed Relator to amend the complaint and the United States' continued investigation demonstrate that Relator's position was not unreasonable. Without anything in the record that demonstrates that Relator intended to harass Defendants, Defendants do not meet their burden. *See Cullins*, 2010 WL 3008833, at *4 (denying attorney's fees under section 3730 upon finding that the relator's claims were not clearly frivolous, vexation, or for the primary purpose of harassment where the court had dismissed the amended complaint without prejudice with leave to amend); *Gross*, 2004 WL 905952, at * 10 (denying attorney's fees under section 3730 where the suit was not vexatious or frivolous although the second amended complaint was dismissed with prejudice for failure to state a claim upon which relief could be granted). Accordingly, on this record, the undersigned finds no evidence to support an award of attorney's fees against Relator under section 3730(d)(4).

Accordingly, it is hereby

RECOMMENDED:

1. Defendants' Motion for Entitlement to Attorney's Fees (Doc. 192) be

DENIED.

IT IS SO REPORTED in Tampa, Florida, this 14th day of February, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. James D. Whittemore
        Counsel of Record