UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**
and **STATE OF FLORIDA** *ex rel.* **DELIA BELL,**

    **Plaintiffs,**

vs.                                                          Case No. 8:16-cv-961-JDW-AEP

**KARL CROSS, et al.,**

    **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the United States Magistrate Judge ("R&R") (Dkt. 218) recommending Defendants' Motion for Entitlement to Attorneys' Fees (Dkt. 192) be denied. Defendants filed Objections and Plaintiffs responded to the objections (Dkts. 221, 222).

After consideration and having conducted a *de novo* review of those portions of the R&R objected to, Defendants' objections are overruled. The R&R is accepted and approved. In sum, the Magistrate Judge applied the correct standards in assessing whether Defendants are entitled to fees as a sanction under Rule 11, under 28 U.S.C. § 1927 or 31 U.S.C. § 3730(d)(4) and his recommendation is not clearly erroneous. Defendants' Motion for Entitlement to Attorneys' Fees (Dkt. 192) is accordingly **DENIED**.

**Standard of Review**

A district court may accept, reject, or modify a report and recommendation from a magistrate judge. 28 U.S.C. § 636(b)(1). Those portions of a report and recommendation to which objection is made are reviewed *de novo*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, objections must "pinpoint the specific findings that the party disagrees with," as opposed to conclusive or general objections. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988): *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the report and recommendation is reviewed for "clear error" even in the absence of objections. *See Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006); *Nix* 738 F.2d 1181, 1185 (11th Cir. 1984).

**Discussion**

Distilled to its essence, Defendants, without proffering specific factual objections, understandably disagree with the Magistrate Judge's recommendation and merely re-argue the merits of their position. While they challenge the Magistrate Judge's reasoning and legal conclusions, their objections do not establish error, much less clear error.

First, in recommending Defendants are not entitled to fees as a Rule 11 sanction, the Magistrate Judge applied the correct standard (Dkt. 213 at pp 5-6). Notwithstanding, Defendants criticize the Magistrate's reasoning as "limited and flawed," contending he did not take a "hard look" at the record. But a fair review of the R&R shows that, contrary to that contention, the Magistrate Judge conducted a detailed analysis of the entire case, including the procedural history of the claims and the delay attributed to the United States in determining whether to intervene.

2

While Defendants focus on the Magistrate Judge's reference to leave having been granted to amend Relator's original complaint and the United States' decision not to intervene or dismiss the case, contending he placed too much weight on the United States' decision, those references are only part of his analysis of whether, as Defendants have always maintained, Relator's claims were frivolous or unsupported factually. Indeed, Defendants concede that the United States' decision not to intervene was but a factor in the analysis (Dkt. 221 at p. 7).

As noted, the R&R reflects a studied analysis of the procedural history of Relator's claims, including the nearly three years the United States took investigating the claims and its inability to decide whether to intervene, as well as the protracted Civil Investigative Demands ("CID") litigation it was forced to pursue against Defendants. All the while, the United States represented that it was continuing its investigation and even when pressed to decide on intervention, it declined "at this time" because of its ongoing investigation (Dkts. 31, 32). Indeed, in its response opposing Defendants' motion for fees, the United States represented that it was still investigating the claims (Dkt. 216). The inference, as the Magistrate Judge fairly drew, was that the position of the United States suggested that the case was not wholly frivolous for purposes of Rule 11.

After a *de novo* review, I agree that it was not objectively unreasonable for Relator to refile her FCA claim in light of the United States' ongoing investigation and to pursue Count I after it survived dismissal as stating a cause of action (Dkt. 123 at pp. 7-12). Rule 11 sanctions are inappropriate under these circumstances.

Regarding Defendants' claim for fees under 28 U.S.C. § 1927, the Magistrate Judge applied the correct standard in determining whether Relator's counsel's conduct was objectively unreasonable and vexatious, that is, "so egregious that it is tantamount to bad faith." (Dkt. 218 at

3

pp. 10-11). Under § 1927, fees may be taxed where an attorney "multiples the proceedings . . . unreasonably or vexatiously . . ." *See Macort*, 208 Fed.Appx. at 785-86. Something more than lack of merit or negligence is required. *Id*. Knowingly or recklessly pursuing a frivolous claim that multiplies the litigation is sufficient. *Id*.

After a *de novo* review, I find the record supports the Magistrate Judge's critical finding that he "did not find support in the record showing that Relator's counsel's conduct rises to the level of bad faith imposed by the statute." (Dkt. 218 at p. 11). Counsel's delay in pursuing document discovery simply does not rise to the level of bad faith. And it has not been shown to have multiplied the proceedings unreasonably or vexatiously.

While acknowledging counsel's delay in pursuing document discovery after the stay was lifted, the Magistrate Judge also noted the delay attributable to the United States in seeking multiple extensions to decide whether to intervene. While Defendants criticize the Magistrate Judge's consideration of those multiple extensions, deeming them "irrelevant," the Magistrate's observation merely put into context whether counsel's discovery delay was tactical, negligent, or more importantly, unreasonable and vexatious under § 1927.

The record shows the United States was unable to complete its investigation, apparently to a large degree because of Defendants' refusal to produce documents, prompting the prolonged CID litigation. Indeed, as noted, when the United States' last motion for extension of time to decide whether to intervene was denied, it declined to intervene "at this time" due to its ongoing investigation (Dkts. 31, 32). While Defendants contend Plaintiffs' counsel's inaction in pursuing discovery "unnecessarily multiplied" the proceedings, the magistrate did not err in considering the inaction by the United States as the primary reason for the delay in assessing whether Plaintiffs'

4

counsel's actions warranted fees under § 1927. In fairness, the Magistrate Judge did recognize Plaintiffs' counsel's discovery tactics were "questionable" and could be "reasonably questioned." However, consistent with the applicable standard under § 1927, it was not error to find that more was required before sanctions are imposed. Again, this demonstrates the Magistrate Judge took a "hard look" at the record before recommending denial of Defendants' motion for fees.

Finally, in assessing whether Defendants are entitled to fees under 31 U.S.C. §3730(d)(4), the Magistrate Judge applied the correct standard (Dkt. 218 at pp. 12-13). After the United States opts not to intervene, a relator has the right to conduct the action under 31 U.S.C. §3730. The inquiry is whether Plaintiff's claims are shown to be "clearly frivolous," "clearly vexatious," or "brought primarily for purposes of harassment."

The Magistrate Judge found insufficient evidence that Relator brought her claims to harass or for improper purposes. Defendants do not raise specific objections to this finding. I likewise find no evidence or harassment or improper purpose. Rather, Defendants challenge the finding that Relator's claims were not "wholly frivolous," primarily relying on Relator's deposition in which she admitted to having no personal knowledge supporting her claims. Importantly, however, as the Magistrate Judge recognized, the issue is not whether Relator ultimately succeeded on the merits.

Defendants contend the Magistrate Judge "ignored the plain language of § 3730(d)(4)." and his reasoning is "wholly inconsistent" with the statute. That is simply not the case. The R&R expressly addressed each component of a claim for fees under the statute in a reasoned analysis (Dkt. 218 at pp. 16-18). Defendants also contend the Magistrate Judge conflated § 3730 (d)(4) with § 3730 (c)(2)(A), which authorizes the United States to dismiss a *qui tam* action. However, a fair reading of the R&R shows that is likewise not the case.

5

In recommending denial of fees under § 3730(d)(4), the Magistrate Judge found two aspects of the case demonstrated Relator's claims were not "wholly frivolous." First, as noted, Relator was granted leave to amend her claims after her initial complaint was dismissed. Importantly, Count I of the Second Amended Complaint survived Defendants' attempt to dismiss, this court finding the allegations stated an FCA claim (Dkt. 123 at pp. 7-12).

Second, alluding to the ongoing investigation by the United States, the Magistrate Judge found the United States' actions "evidence the potential merit" of the claims and its position "suggests that the case was not wholly frivolous." This was a fair inference, supported by the record. And finally, he found that Relator's claims presented sufficient allegations to not be considered groundless." After a *de novo* review, I find no error in this reasoning.

**DONE AND ORDERED** this 8th day of September, 2023.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of record

6